# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH RANDALL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:11-cv-01528-LJO-SAB<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES<br><br>ECF NO. 23 |

On March 5, 2014, Petitioner Sengthiene Bosavanh ("Counsel"), attorney for Plaintiff Deborah Randall ("Plaintiff"), filed the present Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). (ECF No. 23.) Counsel requests attorney's fees in the amount of $30,979.73 pursuant to 42 U.S.C. § 406(b), with a credit of $6,500.00 to Plaintiff for EAJA fees previously paid. On March 8, 2014, Defendant Commissioner of Social Security ("Defendant") filed a statement of non-opposition to Counsel's motion. (ECF No. 25.)

For the reasons set forth below, Counsel's motion will be granted.

## I.

## BACKGROUND

Plaintiff filed her application for benefits under the Social Security Act in April 2007. Plaintiff's application was initially denied. On August 24, 2011, Plaintiff filed this action appealing Defendant's decision in denying Plaintiff's application for benefits. (ECF No. 1.) On

1

August 30, 2012, the Court granted Plaintiff's appeal and remanded this action to the Social Security Administration for further proceedings. (ECF No. 19.) On remand, Plaintiff was awarded approximately $123,918.90 in retroactive benefits.

On December 11, 2012, the parties filed a stipulation awarding Plaintiff attorney's fees under the Equal Access to Justice Act in the amount of $6,500.00. (ECF No. 21.) The Court approved the stipulation. (ECF No. 22.)

Counsel seeks $30,979.73 in attorney's fees, calculated based on a 25% contingency fee and the retroactive benefits award of $123,918.90. Counsel reported spending 49.0 hours of work representing Plaintiff in this action.

## II.

## LEGAL STANDARD

In relevant part, 42 U.S.C. § 406(b)(1)(A) provides that when a federal court "renders a judgment favorable to a claimant . . . who was represented before the court by an attorney," the court may allow reasonable attorney fees "not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." The payment of such award comes directly from the claimant's benefits. 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that the contingency fee agreements between the claimant and the attorney will "yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The district court must respect "the primacy of lawful attorney-client fee agreements," and is to look first at the contingent-fee agreement, and then test it for reasonableness." Crawford v. Astrue, 586 F.3d 1142, 1148 (9th Cir. 2009). Agreements seeking fees in excess of twenty-five percent of the past-due benefits awarded are not enforceable. Crawford, 586 F.3d at 1148. The attorney has the burden of demonstrating that the fees requested are reasonable. Gisbrecht, 535 U.S. at 808; Crawford, 586 F.3d at 1148.

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. Gisbrecht, 535 U.S. at 800. Ultimately, an award of section 406(b) fees is offset by an award of attorney fees granted under the EAJA.

28 U.S.C. § 2412. Gisbrecht, 535 U.S. at 796.

The Ninth Circuit has identified several factors that a district court can examine under Gisbrecht in determining whether the fee was reasonable. In determining whether counsel met her burden to demonstrate that the requested fees are reasonable, the court may consider (1) the standard of performance of the attorney in representing the claimant; (2) whether the attorney exhibited dilatory conduct or caused excessive delay which resulted in an undue accumulation of past-due benefits; and (3) whether the requested fees are excessively large in relation to the benefits achieved when taking into consideration the risk assumed in these cases. Crawford, 586 F.3d at 1151.

## III.

## DISCUSSION

Having reviewed the contingency fee agreement, the quality of representation, the results achieved and the amount of time spent on the case, the Court finds that the requested $30,979.73 fee is reasonable. There is no evidence of substandard performance or dilatory conduct. The requested fees are not excessively large in relation to the benefits achieved. Moreover, considering the 49.0 hours of work performed, the $30,979.73 in requested fees amounts to an hourly rate of $632.24 per hour, which is not unreasonable. See Crawford, 586 F.3d at 1153 (approving awards that amounted to $875 and $902 per hour) (dissenting opinion).

## IV.

## CONCLUSION AND ORDER

Based upon the foregoing, it is HEREBY ORDERED that:

1. Counsel's motion for attorney's fees is GRANTED;

///
///
///
///
///
///

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

2.     Counsel is awarded $30,979.73 in attorney's fees pursuant to 42 U.S.C. § 406(b); and

3.     Counsel is ORDERED to reimburse Plaintiff Deborah Randall in the amount of $6,500.00 for EAJA fees previously paid by the Commissioner.

IT IS SO ORDERED.

Dated:   **May 7, 2014**

UNITED STATES MAGISTRATE JUDGE